**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILFRED A. BOULDIN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CURTIS D. DRUDGE and** | : | |
| **PASCHALL TRUCK LINES, INC.** | : | **NO. 17-89** |

<u>**MEMORANDUM OPINION**</u>

Savage, J.                                                        February 14, 2017

After removing this personal injury action from the Philadelphia Court of Common

Pleas, defendants Curtis Drudge and Paschall Truck Lines, Inc., have moved to transfer

it to the Middle District of Pennsylvania where the accident occurred.  Balancing the

private and public interest factors of convenience and fairness weighs in favor of

transfer.  Therefore, we shall grant the motion.

**Factual and Procedural Background**

The incident giving rise to this action occurred in the parking lot of a truck stop in

Greencastle, Franklin County, Pennsylvania.[1]  In his complaint, Bouldin alleges that on

November 23, 2015, while walking across the parking lot to enter the TA Greencastle

#213 truck stop, he was struck by the tractor-trailer driven by Drudge and owned by

Paschall.[2]  Bouldin claims he sustained fractures of his right hip and tibia, and suffered

two herniated disks.[3]

---

[1] Notice of Removal at ¶ 2 at ECF 2 (Doc. No. 1).  The Notice of Removal incorrectly indicates that Franklin County is located within the Eastern District of Pennsylvania.  Franklin County is located within the Middle District of Pennsylvania.  28 U.S.C. § 118(b).

[2] Compl. ¶ 8 at ECF 9 (Doc. No. 1).

[3] *Id.* ¶ 15 at ECF 11.

None of the parties are residents of Pennsylvania.  Bouldin resides in Charlotte, North Carolina.[4]  Drudge is an Indiana resident.[5]  Paschall is incorporated in and has its principal place of business in Kentucky.[6]  The only identified eyewitness to the collision, Joseph B. Fox, resides in New York.[7]

### Analysis

Venue is determined as follows: (1) when all defendants reside in the same state in which the district is located, the district within which any defendant resides; (2) the district where a substantial part of the events or omissions giving rise to the claim occurred; or (3) where there is no other district in which the action can be brought, the district, not the state, where a defendant is subject to personal jurisdiction at the time the action is commenced.  28 U.S.C. §§ 1391(b)(1)–(3).  The third basis is a fallback provision that applies only if venue is not available in any district under (b)(1) or (b)(2).

The defendants have not moved to dismiss the action for lack of venue.  Instead, they have moved to transfer venue under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses.  Thus, we shall address transfer under section 1404(a) without considering dismissal or transfer under 28 U.S.C. § 1406(a).

A defendant moving for transfer of venue bears the burden of demonstrating that (1) the case could have been brought initially in the proposed transferee forum; (2) the proposed transfer will be more convenient for the parties and witnesses; and (3) the proposed transfer will be in the interest of justice.  28 U.S.C. § 1404(a); *Jumara v. State*

---

[4] Def.'s Mot. for Change of Venue ¶ 5 at ECF 2 (Doc. No. 3).

[5] *Id.* ¶ 6.

[6] *Id.* ¶ 7.

[7] *Id.* ¶ 8.

*Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

Bouldin could have brought his action in the Middle District.  All of the events giving rise to the claim took place there.

Once the defendant establishes that the action could have been brought in the proposed district, the court must weigh several private and public interest factors to determine whether the balance of convenience tips in favor of transfer.  *Jumara*, 55 F.3d at 879–80.  Among the factors considered when determining whether transfer is more convenient for the parties and in the interest of justice are: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the place where the claim arose; (4) the relative ease of access to the sources of proof; (5) the convenience of the parties in light of their relative financial status and physical location; (6) the availability of compulsory process for the attendance of witnesses; (7) the convenience of the witnesses; (8) the practical problems that make trial of a case expensive and inefficient; and (9) "public interest" factors, such as congestion of court dockets and the relationship of the jury and the community to the underlying district.  *Id.*  Depending on the nature and the facts of the case, these factors overlap and are intertwined.

Because the analysis involved is "flexible and individualized," the court has broad discretion in deciding a motion for transfer of venue.  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).  Despite this wide latitude, a transfer motion is not to be granted without a careful weighing of factors favoring and disfavoring transfer.  *See Shutte*, 431 F.2d at 24–25.

*The plaintiff's choice of forum*

The plaintiff's choice of forum typically receives "paramount consideration."  *Id.* at 25.  However, the plaintiff's choice is given less deference where he does not live in the forum and none of the operative facts occurred there.  *Buckeye Pennsauken Terminal LLC v. Dominique Trading Corp.*, 150 F. Supp. 3d 501, 509 (E.D. Pa. 2015).

Bouldin does not reside in this district.  He resides in North Carolina.  None of the operative facts occurred in this district.  The only connection to this district is Bouldin's attorneys' office is here.  In the absence of any meaningful connection to this district, Bouldin's choice of forum is not given the usual deference accorded a plaintiff's choice.

*The defendants' preferred forum*

Drudge and Paschall prefer the Middle District of Pennsylvania because the claim arose there.  Thus, the defendants' choice of forum favors transfer.

*The place where the claim arose*

Where the claim arose implicates other factors in the analysis.  It involves questions of access to proof, choice of law, convenience of the parties and the witnesses, availability of witnesses and efficiency concerns.  Hence, determining the place where the claim arose will inform the evaluation of these other factors.

Bouldin's claim arose in the Middle District of Pennsylvania.  The collision occurred there and the police investigation was conducted there.  This factor weighs in favor of transfer.

*The relative ease of access to the sources of proof*

Evidence about how the collision occurred and what happened to Bouldin is primarily in the Middle District of Pennsylvania.  An investigation of the incident was conducted by the Pennsylvania State Police in Chambersburg, Pennsylvania.

There are medical records in the Middle District where Bouldin received emergency care.  There is no indication that he was treated elsewhere.  It is clear there are no sources of proof in this district.  This factor favors transfer.

*The convenience of the parties*

No matter where the action is tried, the parties will have to travel.  Drudge must travel from Indiana and Paschall's representatives must travel from Kentucky.  Bouldin, who currently resides in Charlotte, North Carolina, contends he will be inconvenienced if the case is tried in the Middle District.  He argues that Philadelphia is more convenient because there are nonstop air flights between Charlotte and Philadelphia.  There are no direct flights from Charlotte to any of the cities where the Middle District courthouses are located.

If Bouldin travels by land, the Eastern District will not be more or less convenient.  The Eastern District courthouse in Philadelphia is 546 miles from Charlotte.  In contrast, the Middle District courthouses in Scranton, Wilkes-Barre, Harrisburg and Williamsport are 595, 577, 479 and 558 miles from Charlotte, respectively.  No matter where the case is tried, he will have to travel hundreds of miles from his home.  Standing alone, this consideration does not tip the scale significantly.[8]

---

[8] Bouldin also argues that the parties will be inconvenienced by a transfer because none of the attorneys are located in the Middle District.  The convenience of counsel is not a factor in the analysis. *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973) (citation omitted).

*Compulsory process for the attendance of witnesses*

The sole eyewitness, who resides in Philadelphia, New York, will be required to travel more than 100 miles regardless of where the case is tried.  *See* Fed. R. Civ. P. 45(c)(1)(A).  The eyewitness resides 342 miles from this courthouse in the Eastern District, whereas he resides 218 miles, 240 miles, 342 miles and 270 miles from the Scranton, Wilkes-Barre, Harrisburg or Williamsport courthouses in the Middle District, respectively.  Others, including emergency medical providers, are within 100 miles of Scranton, Wilkes-Barre, Harrisburg or Williamsport.  They are beyond 100 miles of Philadelphia.  Under these circumstances, the availability of compulsory process for the attendance of witnesses favors transfer.

*The convenience of the witnesses*

The convenience of non-party witnesses is a "particularly significant factor" that weighs heavily in the analysis.  *Family Fin. Ctrs. v. Cox*, No. 14-5330, 2015 WL 790038, at *7 (E.D. Pa. Feb. 25, 2015) (citations omitted).  The eyewitness does not reside in either the Eastern District or the Middle District.  He resides in New York.  He can easily testify by videotape deposition if he does not wish to travel to court.  *See* Fed. R. Civ. P. 32(a)(4).

On the other hand, several of the potential witnesses, including medical providers and police investigators, are located in the Middle District, which is more convenient for them than Philadelphia, Pennsylvania.  There are no witnesses located in this district.  Thus, the convenience of the witnesses strongly favors transfer.

*The practical problems that make trial of a case expensive and inefficient*

There will be some inconvenience to some parties and witnesses regardless of where the action is tried.  Trying this case in the Middle District, where the accident occurred and many witnesses are located, will be more efficient than resolving the case here.

*The "public interest" factors*

Trial in this district will impose jury service upon citizens of this district who have no connection to the dispute or the parties.  The Eastern District has no interest in this case.  There are no individuals, parties or witnesses residing here.  The only connection to this district is that the defendant conducts some business here and Bouldin's attorneys are here.

By contrast, a Middle District jury has an interest in the resolution of the dispute that arose there.  That is where the collision occurred.

Because the Middle District has an interest in resolving this case and the Eastern District has none, we conclude that the public interest factors weigh in favor of transfer.

**Conclusion**

The private and public interest factors of convenience and fairness weigh in favor of transferring the case to the Middle District of Pennsylvania.  Therefore, in the interest of justice, we shall grant the motion to transfer venue.